UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LARRY WEBB, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No.: 3:15-CV-560-TAV-HBG |
| | ) |
| MIKE PARRIS, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM OPINION

This is a pro se prisoner's petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Now before the Court is Respondent's motion to dismiss the petition as time-barred [Doc. 9]. Petitioner filed a response to this motion [Doc. 13] in which he alleges that he is entitled to equitable tolling of the statute of limitations. Respondent filed a reply [Doc. 14]. For the following reasons, the motion to dismiss [Doc. 9] will be **GRANTED** and this action will be **DISMISSED**.

## I. PROCEDURAL HISTORY

On November 29, 2010, the Criminal Court for Knox County accepted Petitioner's plea of guilty for charges of aggravated burglary, theft, and aggravated assault [Doc. 8-1 pp. 23–30]. In his plea agreement, Petitioner agreed that the district attorney general would recommend a sentence of fifteen years for the aggravated burglary charge, one to six years for the theft charge, and fifteen years for the aggravated assault charge, all at sixty percent [*Id.* at 28]. Accordingly, on February 4, 2011, the trial court sentenced Petitioner to fifteen years for the aggravated burglary charge, six years for the theft charge, and fifteen years

for the aggravated assault charge, all at sixty percent [Doc. 8-1 pp. 17–19]. The judgments provide that the fifteen-year sentence for the aggravated burglary charge is concurrent with the six-year sentence for the theft charge, but that the fifteen-year sentence for the aggravated assault charge is consecutive thereto [*Id.*]. Thus, Petitioner received an effective sentence of thirty years at sixty percent [Doc. 8-2 p. 17].

The record reflects that, at his sentencing hearing on February 4, 2011, Petitioner stated that he objected to the consecutive sentencing because counsel had told him that he would receive a sentence of fifteen years [*Id.* at 18]. Petitioner's counsel admitted that he had so advised Petitioner and mentioned Petitioner's right to challenge his actions by seeking post-conviction relief, a statement with which the trial court agreed [*Id.*].

Petitioner did not file an appeal of the judgments against him with the Tennessee Court of Criminal Appeals ("TCCA") [Doc. 2-1 p. 8]. Rather, on November 28, 2012, more than eighteen months after entry of the criminal judgments against him, Petitioner filed a petition for post-conviction relief with the trial court [Doc. 8-2 pp. 4–12]. In this petition, he asserted that his understanding of his plea agreement was that, in exchange for pleading guilty, he would not receive more than a fifteen-year sentence [*Id.* at 8]. Petitioner also asserted that trial counsel had failed to provide him with documents to assist him with filing his post-conviction petition, thereby causing him to unknowingly allow the time to file that petition to expire [*Id.* at 7]. In support of this assertion, Petitioner filed a letter from May 12, 2012, that he had written to the trial court about his trial counsel's alleged withholding of documents from him [*Id.* at 12–15]. In this letter, Petitioner stated that the

trial court had advised him to send a letter regarding the alleged withholding of documents and requested an extension of time to file a post-conviction petition based thereon [*Id.*]. Petitioner did not specify, however, what documents counsel refused to provide him or the claims that he could not make without such documents [*Id.*].

On February 8, 2013, the trial court denied Petitioner's post-conviction motion as untimely [*Id.* at 17–18]. In its order denying the motion, the trial court stated that the conversation it had with Petitioner about the alleged withholding of documents was on March 26, 2012 [*Id.* at 18]. As such, the trial court concluded that this conversation, Petitioner's letter, and the filing of the petition all occurred after the applicable one-year statute of limitations had run [*Id.*].

More than ten months later, on December 22, 2014, Petitioner filed his first motion to alter or amend this ruling on the grounds that the trial court should have ordered specific performance of the plea agreement as Petitioner understood it or given Petitioner a chance to withdraw his plea [*Id.* at 20–36]. On January 8, 2015, the trial court denied this motion [*Id.* at 37–38]. Also, on January 25, 2015, Petitioner filed his second motion to alter or amend in which he argued that circumstances outside of his control, including counsel's failure to provide Petitioner with documents, prevented Petitioner from timely filing his motion post-conviction relief [*Id.* at 39–64]. On January 28, 2015, the trial court summarily denied this motion [*Id.* at 65].

On February 13, 2015, Petitioner filed an appeal regarding the post-conviction petition with the TCCA [*Id.* at 66–67]. On July 23, 2015, the TCCA *sua sponte* dismissed Petitioner's appeal as improper and/or untimely [Doc. 8-3 at 1].

On December 14, 2015, Petitioner filed the instant § 2254 petition [Doc. 2 p. 13].

II.  **ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in 28 U.S.C. § 2241, *et seq.*, provides a one-year statute of limitations for the filing of an application for a federal writ of habeas corpus. The statute provides, in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> (A)   the date on which the judgment became final by the conclusion of direct review . . . . [or]
>
> \*     \*     \*
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . .

28 U.S.C. § 2244(d)(1). However, the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. . . ." 28 U.S.C. § 2244(d)(2).

As set forth above, the trial court sentenced Petitioner on February 4, 2011. Petitioner did not file an appeal of these judgments with the TCCA within thirty days of

4

the judgments, Tenn. R. App. P. 4(a), nor did he file any application for post-conviction or other collateral review within a year after the judgments.[1]  As such, the AEDPA one-year statute of limitations expired no later than March 6, 2012, a year after the date on which Petitioner could have filed an appeal of his judgments with the TCCA.  Petitioner, however, did not file his § 2254 petition until December 14, 2015.  Accordingly, Petitioner's § 2254 motion is clearly time-barred, unless Petitioner is entitled to equitable tolling.

The Supreme Court has held that equitable tolling of a statute of limitation is available "in appropriate cases."  *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010).  Petitioners have the burden of demonstrating that they are entitled to equitable tolling.  *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted).  "A habeas petitioner is entitled to equitable tolling only if two requirements are met.  First, the petitioner must establish 'that he has been pursuing his rights diligently.'  And second, the petitioner must show 'that some extraordinary circumstance stood in his way and prevented timely filing.'"  *Hall v. Warden*, 662 F. 3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 130 S. Ct. at 2562).  "The doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotations marks omitted).

---

[1] While Petitioner did file a petition for post-conviction relief on November 28, 2012, this was well after the applicable statute of limitations had run and therefore did not "revive" the AEDPA clock.  *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (holding that "[t[he tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run").

In support of his assertion that he is entitled to equitable tolling, Petitioner argues that he is "unlearned" in the law and has been diligent in his efforts to pursue his rights, but that he was unable to timely pursue his claims because trial counsel failed to provide him with unspecified legal documents [Doc. 13 pp. 1–2]. As Respondent correctly points out, however, the Sixth Circuit has held that "an inmate's lack of legal training, his poor education, [and] even his illiteracy does not give a court reason to toll the statute of limitations." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citations omitted). Also, nothing in the record suggests that Petitioner was unaware of the circumstances surrounding his plea agreement and the acts and/or omissions of his trial counsel upon which the claims in his § 2254 petition are based during the time in which Petitioner could have filed a timely § 2254 petition.[2]

Thus, it is apparent that Petitioner's failure to timely file his § 2254 is the result of a lack of diligence, rather than circumstances beyond Petitioner's control. *Hall*, 662 F. 3d at 749 (holding that counsel's failure to turn over the trial transcript as well as other documents related to the case and did not entitle petitioner to equitable tolling as the petitioner was aware of his grounds for relief without those documents). Accordingly, Respondent's motion to dismiss the § 2254 petition as time-barred [Doc. 9] will be **GRANTED** and this § 2254 petition [Doc. 2] will be **DISMISSED**.

---

[2] Further, Petitioner has not explained his significant delay in pursuing collateral relief after the trial court's denial of his post-conviction petition on February 8, 2013.

Finally, the Court must consider whether to issue a certificate of appealability (COA), should petitioner file a notice of appeal. A petitioner may appeal a final order in a § 2254 case only if he is issued a COA, and a COA will be issued only where the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). A petitioner whose claims have been rejected on a procedural basis must demonstrate that reasonable jurists would debate the correctness of the Court's procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485–86 (6th Cir. 2001). As reasonable jurors would not debate the correctness of the Court's ruling that the § 2254 is time-barred, a COA will not issue.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE